101 F.3d 688
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Maureen ALFANO, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 95-6417.
 United States Court of Appeals, Second Circuit.
 June 28, 1996.
 
 APPEARING FOR APPELLANT: Maureen Alfano, pro se, Brooklyn, NY.
 APPEARING FOR APPELLEE: Thomas A. Jones, Jr., Special Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Before MINER, JACOBS and PARKER, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 4
 Plaintiff-appellant Maureen Alfano appeals from a judgment of the United States District Court for the Eastern District of New York (Raggi, J.) upholding the decision of the Secretary of Health and Human Services (the Secretary)[1] to deny Alfano's application for social security disability insurance benefits ("SSD").
 
 
 5
 In May of 1992, Alfano applied for SSD benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. She alleged that she suffered from the following disabling conditions as of March 2, 1988: uterine cancer, hypothyroidism, obesity, shortness of breath, asthma, varicose veins, light-headedness, knee cartilage damage, and knee "degenerative changes." The application was denied, and, in February of 1993, Alfano requested a hearing before an administrative law judge ("ALJ") to review her application.
 
 
 6
 In June of 1993, a hearing was held before an ALJ, and the ALJ issued his decision in April of 1994. After reviewing the evidence, the ALJ determined that Alfano had not become disabled prior to June 30, 1989, the date on which her disability insured status expired. The ALJ found that she weighed less than the weight required to be classified as obese, and that she did not present sufficient evidence to show that any of the other disabling conditions that she alleged were significant during the relevant time period. The ALJ also determined that Alfano had "the residual functional capacity to perform work related activities except for work involving prolonged standing and/or walking and lifting weights in excess of ten pounds," and that her past work as a bank clerk did not require the performance of activities precluded by these limitations. In August of 1994, the Appeals Council denied Alfano's request for review.
 
 
 7
 In October of 1994, Alfano sought review of the Secretary's decision in the district court, pursuant to 42 U.S.C. § 405(g). The Secretary moved for judgment on the pleadings. On October 6, 1995, the district court held a hearing and found that the Secretary's decision was supported by substantial evidence. Judgment was entered in favor of the Secretary on October 20, 1995. This appeal followed.
 
 
 8
 On appeal, Alfano argues that the district court erred in finding that the Secretary's decision was supported by substantial evidence. We disagree. "The findings of the Secretary are conclusive if they are supported by substantial evidence." Perez v. Chater, 77 F.3d 41, 46 (2d Cir.1996) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). On review, "our focus is not so much on the district court's ruling as it is on the administrative ruling." Id. (quotations omitted).
 
 
 9
 A disability is defined by the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). The claimant has the burden to show that she "suffers from a severe impairment that renders [her] disabled." Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir.1984). "[I]f the claimant suffers from an impairment listed in 20 C.F.R. Part 404, subpart P, Appendix 1, that ... ends the inquiry and the claimant is determined to be disabled." Id. Alternatively, "if the claimant suffers from a severe impairment but one not listed as presumptively disabling, [she] must show that [she] is unable to continue [her] past relevant vocational work." Id.
 
 
 10
 We agree with the district court that substantial evidence supports the Secretary's findings. Alfano failed to demonstrate that, during the relevant time period, she suffered from an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Although Alfano satisfied the requirements for obesity,[2] she failed to show that she also had arthritis or another of the five conditions listed in 20 C.F.R. Part 404, Subpart P, appendix 1, § 9.09 that must be combined with obesity to establish a presumptively disabling condition. Although Alfano contends that she had arthritis, she did not present any evidence, besides the conclusory statement of one of her doctors, that suggests that she suffered from this condition during the relevant time period. In addition, Alfano failed to show that she was unable to continue her past work as a bank clerk. Alfano was unable to demonstrate that she suffered from impairments that prevented her from performing sedentary work. Moreover, the fact that Alfano acknowledges that she performed light work in the summer of 1995 indicates that she was able to do sedentary work during the relevant time period. Accordingly, we think that substantial evidence supports the Secretary's determination that Alfano was not entitled to SSD benefits.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security Administration. See 42 U.S.C. §§ 901, 902. Accordingly, Shirley S. Chater, Commissioner of Social Security Administration, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. We refer to the Secretary in this summary order because she was the appropriate party at the time of the decision at issue on this appeal
 
 
 [2]
 We note that the ALJ incorrectly stated that a person of Alfano's height must weigh 284 pounds to be considered obese. In fact, for a woman 66 or 67 inches tall to meet the requirements for obesity, she must weigh at least 274 or 282 pounds, respectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.09, Tbl. II. Because Alfano was 66 and one-half inches tall and weighed 278 pounds, she satisfied the requirements for obesity